# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3577

_____

Jerala Grayson, as personal     *
representative for the Estate of     *
Daniel Neal Grayson,     *
    *
        Plaintiff/Appellant,     *
    *
    v.     *
    *
Bob Ross, individually and in his     *
official capacity as a Crawford     *
County Sheriff,     *
    *
        Defendant/Appellee,     *    Appeal from the United States
    *    District Court for the Western
John McAllister, individually and in his   *    District of Arkansas.
official capacity as a Crawford County    *
Deputy; Chris Porter, individually and    *
in his official capacity as a Crawford    *
County Deputy,     *
    *
        Defendants/Appellees,     *
    *
Roy Bass, individually and in his     *
official capacity as a Crawford County    *
Deputy,     *
    *
        Defendant,     *
    *
Michael Sharum, individually,     *
    *
        Defendant/Appellee.     *

_____

Submitted: April 5, 2007
Filed: April 26, 2007

_____

Before RILEY, BEAM, and ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

In our prior opinion in this case, Grayson v. Ross, 454 F.3d 802 (8th Cir. 2006), we summarized all facts and related procedural and legal rulings relevant to this appeal. We repeat them here only as necessary. We fully addressed every issue arising under the United States Constitution and redressable under 42 U.S.C. § 1983. Using the same factual assertions, however, plaintiff Grayson, on behalf of her deceased spouse Daniel, a pretrial detainee, also advanced a claimed violation of the Constitution of the State of Arkansas, redressable under the Arkansas Civil Rights Act of 1993. Being uncertain of the standard of care to be applied under state law, we certified the following question to the Supreme Court of Arkansas pursuant to section 2(D)(3) of Amendment 80 to the Arkansas Constitution:

> Whether the conscious indifference standard announced by [the Arkansas Supreme Court] in Shepherd v. Washington County, 331 Ark. 480, 962 S.W.3d 779 (1998), affords greater protection to pre-trial detainees than the federal deliberate indifference standard.

In answering our certified question, the Arkansas Supreme Court distinguished Grayson's facts–particularly that Daniel was a pretrial detainee with unmet serious personal health needs–from both Shepherd and Williams v. Arkansas Department of Correction, 207 S.W.3d 519 (Ark.), cert. denied, 126 S. Ct. 647 (2005), which also referenced the conscious-indifference standard. The court concluded:

> We note again that the Eighth Circuit and other federal circuit courts of appeal have used the deliberate-indifference standard to analyze this issue in connection with pretrial detainees. Though this court is not called upon to answer the question of what standard applies for pretrial detainees under the Arkansas Civil Rights Act as part of the certified question, we adopt deliberate indifference as the proper standard.

Grayson v. Ross, No. 06-946, 2007 WL 766333, at *10 (Ark. Mar. 15, 2007). This answer resolves our uncertainty and dictates that we should affirm the district court.[1] "When applying a state's statute, we are bound to accept the construction placed on that statute by the state's highest court." Burlington N. R.R. Co., v. Kmezich, 48 F.3d 1047, 1049 (8th Cir. 1995) (citing R.A.V. v. City of St. Paul, 505 U.S. 377, 381 (1992)).

Accordingly, we now affirm the district court's application of the deliberate-indifference standard to Grayson's claim under the Arkansas Civil Rights Act. See 454 F.3d at 811-12. We greatly appreciate the prompt assistance of the Supreme Court of Arkansas in this case.

------------------------------

------------------------------

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.